JUDGE HERB ROSS (Recalled)

UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF ALASKA
605 West 4th Avenue, Room 138, Anchorage, AK 99501-2296 - (Website: www.akb.uscourts.gov)
Clerk's Office 907-271-2655 (1-800-859-8059 In-State) - Judge's Fax 907-271-2692

**Filed On 7/10/07**

| | |
|---|---|
| Case No. 3-87-00566-HAR | In Chapter 7 |
| In re GWEN M. ANAGICK, | |
| Debtor(s) | |
| GWEN ANAGICK-WALTERS, | Adv Proc No A07-90010-HAR |
| Plaintiff(s) | **MEMORANDUM REGARDING GRANTING OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |
| v. | |
| ALASKA COMMISSION ON POSTSECONDARY EDUCATION, | |
| Defendant(s) | |

The defendant, ACPE, filed a motion for summary judgment (Dkt 10) pursuant to a pre-trial conference order (Dkt 9), and plaintiff has not responded.

I have reviewed the motion and find that ACPE has established that there are no material facts in dispute and that it is entitled to a summary judgment of non-dischargeability for the amount claimed. That amount is $9,161.85 in principal, plus interest at 5% from August 6, 1997 (the date of a Default Judgment by Clerk of Court in Case No. 4FA-96-1040CI in the District Court for the State of Alaska, Fourth Judicial District), interest accrued through June 1, 2007, in the amount of $3,238.78 (ACPE voluntarily reduced the judgment rate of 11% to 5% and has waived attorney fees awarded it). This totals $12,400.63 as of June 1, 2007, plus $1.2550 per day after that.

1    I am basing the summary judgment on the first legal argument of ACPE, that the amount owed was simply not discharged by plaintiff's 1987 bankruptcy.[1]  Thus, the amount sought is non-dischargeable pursuant to 11 USC § 523(a)(8) as it existed in 1987, when plaintiff filed her first bankruptcy petition.  The subsequent bankruptcy case also does not warrant that the claim be declared non-dischargeable.

In addition to the cases ACPE cites for the proposition that the non-dischargeability of student loans under 11 USC § 523(a)(8) is self-executing[2] should be added In re Hoxie, ___ BR ___, 2007 WL 4572868 (SD Cal 2006), which cited Tenn. Student Assistance Corp. v Hood, 541 US 440, 450 (2004).  Much of plaintiff's reasoning seems to be based on the erroneous impression that ACPE dropped the ball in the first bankruptcy by not establishing non-dischargeability; this theory is incorrect because non-dischargeability was self-executing.

DATED: July 10, 2007

                                /s/ Herb Ross
                                HERB ROSS
                                U.S. Bankruptcy Judge

Serve:
Gwen Anagick-Walters, *pro se* π
Mary Ellen Beardsley, Asst. Atty. Gen'l., for Δ
Peggy Gingras, Adv. Proc. Mgr.          D6333
    7/10/07

---

[1] The legal basis for this argument is found at pages 7-11 of *ACPE's Memorandum in Support of Motion for Summary Judgment* (Dkt 11).  I have not based my ruling on the laches argument made by ACPE  *See*, ACPE's Memorandum (Dkt 11) at pages 11-16.

[2] *See*, ACPE's Memorandum (Dkt 11) at page 7.

MEMORANDUM REGARDING  GRANTING OF
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT                                                Page 2 of 2